IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MABLE ROJAS,                          )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )        Case No. 4:15-CV-00004-ODS-SSA
                                      )
CAROLYN COLVIN,                       )
Acting Commissioner of Social Security, )
                                      )
                    Defendant.        )

ORDER AND OPINION REVERSING IN PART AND AFFIRMING IN PART
THE COMMISSIONER'S FINAL DECISION DENYING BENEFITS

        Plaintiff appeals the Commissioner of Social Security's final decision denying her
applications for disability insurance benefits and supplemental security income.  The
Commissioner's decision is reversed in part, affirmed in part, and the case is remanded
for further proceedings.


I.  STANDARD OF REVIEW

        The Court's review of the Commissioner's decision is limited to a determination
whether the decision is "supported by substantial evidence on the record as a whole.
Substantial evidence is less than a preponderance but . . . enough that a reasonable
mind would find it adequate to support the conclusion."  *Andrews v. Colvin*, 791 F.3d
923, 928 (8th Cir. 2015) (citations omitted).  "As long as substantial evidence in the
record supports the Commissioner's decision, we may not reverse it because
substantial evidence exists in the record that would have supported a contrary outcome,
or because we would have decided the case differently."  *Cline v. Colvin*, 771 F.3d
1098, 1102 (8th Cir. 2014) (citation omitted).  Though advantageous to the
Commissioner, this standard also requires that the Court consider evidence that fairly
detracts from the final decision.  *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015)
(citation omitted).  Substantial evidence means "more than a mere scintilla" of evidence;

rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff, who was born in 1971, filed a Title II application for disability and disability insurance benefits and Title XVI application for supplement security income on June 10, 2010.  She alleges she became disabled on June 4, 2010.  Plaintiff's claims were denied, and she requested a hearing.  A hearing was held in February 2012, after which the ALJ issued a decision finding that Plaintiff was not disabled.

Plaintiff appealed the ALJ's decision, and on December 18, 2013, the Court issued its Order and Opinion Reversing Commissioner's Final Decision Denying Benefits and Remanding for Further Proceedings.  Case No. 4:13-CV-0044-ODS-SSA, Doc. #18.  In the Court's Order, it directed the ALJ to reconsider Dr. Ostrow's opinion, reconsider Dr. Boulware's opinion, and fully and properly explain how he analyzed Plaintiff's credibility.  *Id.*

In July 2014, another hearing was held.  R. at 839-76.  Thereafter, the ALJ issued his decision finding that Plaintiff was not disabled.  R. at 817-31.  The ALJ determined that Plaintiff had the following severe impairments:  obstructive sleep apnea, asthma, anxiety reaction, vasovagal syncope (fainting without an apparent cause), major depressive disorder with resolved psychosis, posttraumatic stress disorder, hyperapnea, and periodic limb movement.  R. at 819.

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform light work except she is limited to standing/walking one hour total in an eight-hour workday and sitting seven hours total in an eight-hour workday; she has an unlimited ability to push/pull; she cannot climb ladders, scaffolding, or ropes; she can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; she should avoid concentrated exposure to fumes, heat, cold, and noise; she is limited to performing simple, unskilled work with an SVP of 2 or less, secondary to a loss of memory and depression; she is limited (meaning up to one-third of an eight-hour workday) with regard to contact with supervisors, coworkers, and the general public, secondary to her anxiety.  R. at 822.  Based upon Plaintiff's RFC and the testimony of the Vocational

Expert ("VE"), the ALJ found that Plaintiff could perform work as an optical lens inserter, wire wrapper, and document preparer.  R. at 830-31.

## III. DISCUSSION

### A.

#### (1)

Plaintiff first argues the ALJ's RFC is unsupported as to Plaintiff's mental impairments because an RFC limiting her to "simple, unskilled work" does not address her moderate difficulties in maintaining concentration, persistence, or pace.  Doc. #13, at 21.  Plaintiff also contends the ALJ failed to include these limitations in his hypothetical question to the VE.  *Id.*  The Court agrees with both arguments.

The ALJ specifically found that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties."[1]  R. at 821.  But limitations associated with this finding were not reflected in the ALJ's RFC.  R. at 822.  The ALJ erred in failing to include these moderate limitations in the RFC.  *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (citations omitted) (holding an "ALJ is required to set forth specifically a claimant's limitations and determine how those limitations affect her RFC.").

During the hearing, the ALJ posed a hypothetical question to the VE, asking if a person, between the ages of thirty-nine and forty-three who had a tenth grade education, with the following limitations would be able to work:  can lift and carry up to twenty pounds occasionally and ten pounds frequently; can stand and walk up to one hour in an eight-hour workday; can sit seven hours in an eight-hour day; has the unlimited ability to push or pull; cannot use ladders, scaffolding, or ropes; could occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to fumes, heat, cold, and noise; limited to simple, unskilled work

---

[1] The phrase "concentration, persistence or pace" refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C)(3).

3

of SVP 2 or less; and limited (up to one-third of the day) contact with coworkers, supervisors, and the general public.  R. at 870-71.  The ALJ's hypothetical did not address moderate limitations with regard to concentration, persistence, or pace.  R. at 870-72.

"A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F.3d 688, 694-95 (8th Cir. 1996) (citing *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994)).  In *Newton*, the plaintiff suffered from deficiencies of concentration, persistence, or pace, but the ALJ failed to include these deficiencies in the hypothetical posed to the VE.  *Id.* at 695.  The Eighth Circuit found that the hypothetical, which indicated the hypothetical individual could perform "simple jobs," failed to include the deficiencies of concentration, persistence, or pace, and therefore, the matter had to be remanded.  *Id.*

Similar to *Newton*, the ALJ's hypothetical limited Plaintiff to "simple, unskilled" work.  R. at 870-71.  The ALJ failed to address the concentration, persistence, or pace limitations in the hypothetical posed to the VE.[2]  Because the VE's testimony was based upon a deficient hypothetical, the VE's testimony cannot constitute substantial evidence to support the Commissioner's decision.  *See Newton*, 92 F.3d at 695.  This case is remanded, and the ALJ shall include the specific moderate limitations related to concentration, persistence, or pace in Plaintiff's RFC, or provide a legally sufficient explanation for not including those limitations.  Also, those limitations shall be included in the hypothetical question posed to the VE, or a legally sufficient explanation should be provided as to why those limitations were not included in the hypothetical question posed to the VE.

---

[2] Contrary to Defendant's argument, this case is not similar to *Brachtel v. Apfel*, wherein the Eighth Circuit found the ALJ had addressed the plaintiff's concentration and pace impairments when the ALJ posed a hypothetical limiting an individual to "simple, routine repetitive work, which does not require close attention to detail" but the person could only work at a regular pace.  132 F.3d 417, 421 (8th Cir. 1997).  Here, the ALJ stated the individual could perform "simple" work, which is not sufficient to address moderate limitations in concentration, persistence, or pace as set forth in *Newton*.

4

(2)

Plaintiff also maintains the RFC is unsupported by the medical opinions of record because the ALJ discounted all medical opinions, leaving no opinions to support the RFC. Doc. #13, at 23. The ALJ gave "little weight" to the opinion of a state agency medical consultant's October 2010 psychological opinion, gave "little weight" to the opinions rendered by Plaintiff's treating physician (Dr. Boulware), and gave "little weight" to the physical residual functional capacity assessment by Plaintiff's treating physician (Dr. Ostrow). R. at 828-30. There are no other medical opinions discussed by the ALJ. *Id.*

The ALJ bears the "primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (quoting *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000)). Some medical evidence must support the ALJ's RFC determination. *Id.* (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)); *see also Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (citations omitted) (stating "some medical evidence must support the determination of the claimant's RFC and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace."); *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (citations omitted) (finding "the ALJ was required to consider at least some supporting evidence from a professional.").

Because the ALJ gave "little weight" to all of the medical opinions, it is unclear as to what, if any, medical evidence supports the ALJ's RFC determination. Thus, on remand, the ALJ shall reevaluate his findings with regard to the weight afforded to each medical opinion and specify what medical evidence supports his RFC.


(3)

Plaintiff also contends that the ALJ failed to obtain consultative examinations as to her physical and mental limitations. Defendant argues consultative examinations were not necessary because the medical records provided the ALJ sufficient medical evidence to determine whether Plaintiff is disabled. Doc. #14, at 14. As discussed above, given that the ALJ afforded "little weight" to the medical opinions, there was not sufficient medical evidence to support the ALJ's RFC. Therefore, on remand, the ALJ

5

shall order a consultative examination related to Plaintiff's mental limitations and a consultative examination related to Plaintiff's physical limitations.

(4)

Plaintiff argues the opinion of her treating physician, Dr. Boulware, supports her allegations of disability, but the ALJ erroneously rejected Dr. Boulware's opinion. In a related argument, Plaintiff contends that the ALJ failed to identify inconsistencies between Dr. Boulware's opinion and the medical record. "A treating physician's opinion is due controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (citation and internal quotations omitted). *Prosch,* 201 F.3d at 1012–13 (quoting 20 C.F.R. § 404.1527(d)(2)). "The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions." *Id.* (citation omitted).

The ALJ found Dr. Boulware's opinions were "not supported by medical signs and findings and diagnostic tests" and "did not cite any specific examinations, diagnostic tests or objective medical findings upon which the opinions are based." R. at 829. The diagnostic tests and medical findings discussed by ALJ in his decision revealed, among other things, that Plaintiff "did not have good quality pulmonary function studies," pulmonary function tests showed that Plaintiff had a "very severe obstructive airway disease," she had distant breath sounds, and she had a moderately depressed mood (on several occasions). R. at 823-25. The ALJ's findings with regard to Dr. Boulware's opinions coupled with the ALJ's discussion of the medical tests and findings are discreditable, particularly when the ALJ failed to point to specific instances where the opinions were unsupported. Upon remand, if the ALJ discounts Dr. Boulware's opinion, the ALJ must set forth specifically why he is discounting the opinions, setting forth what opinions are not supported, why those opinions are not supported, and how the opinions are contradictory to the medical evidence.

6

(5)

Plaintiff argues the ALJ failed to sustain the Commissioner's burden at step five. Plaintiff maintains the jobs identified by the VE in response to the ALJ's hypothetical are "sedentary" jobs, not "light" jobs as set forth in the ALJ's RFC. To perform sedentary jobs, Plaintiff must be capable of standing and/or walking two hours in an eight-hour workday. *See* SSR 83-10; SSR 96-9p. Plaintiff cannot do that, as set forth in the ALJ's RFC. R. at 822.

When posing his hypothetical question to the VE during the hearing, the ALJ inquired about "light" jobs a person could perform who was limited to, among other things, walking or standing no more than one hour in an eight-hour workday. R. at 870. In response, the VE testified that, given the limitations set forth by the ALJ in the hypothetical question, "[t]here would be a limited range of sedentary unskilled work." R. at 871.

Given that sedentary jobs require a person to stand and/or walk two hours in an eight-hour workday, the Commissioner has failed to sustain her burden at step five but putting forth positions that require Plaintiff to stand and/or walk twice as much as the limitation set forth by the ALJ. Accordingly, upon remand, the ALJ must identify positions that Plaintiff can perform, given the specific limitations determined by the ALJ.


B.

Plaintiff presents other arguments regarding the ALJ's decision. The Court will address them now so that they will not remain issues on remand.


(1)

Plaintiff argues that the ALJ should have contacted Dr. Boulware again to seek clarification of the reasons for his opinion. "The Commissioner's regulations explain that contacting a treating physician is necessary only if the doctor's records are 'inadequate for us to determine whether [the claimant is] disabled' such as 'when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on

7

medically acceptable clinical and laboratory diagnostic techniques.'" *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (quoting 20 C.F.R. §§ 404.1512(e), 416.912(e)). Here, the ALJ did not find that Dr. Boulware's records were inadequate, unclear, or incomplete, and did not find that Dr. Boulware used unacceptable clinical or laboratory techniques. Accordingly, the ALJ did not err in failing to contact Dr. Boulware to seek clarification of the reasons for his opinions.

(2)

Plaintiff next argues that the ALJ erroneously rejected Dr. Boulware's opinions regarding Plaintiff's mental impairments, presumably because the ALJ could not determine if Dr. Boulware specialized in psychiatry. When considering a medical opinion, the ALJ must look at several factors, including the medical provider's specialization. R. at 828. There was no evidence indicating that Dr. Boulware specialized in psychiatry or psychology, and therefore, the ALJ was permitted to consider Dr. Boulware's lack of specialization in those fields.[3]

(3)

Plaintiff contends the ALJ failed to consider the factors utilized in weighing opinions of treating physicians. The ALJ, however, evaluated the medical source opinions pursuant to the required regulations and the seven factors utilized when considering medical source opinions. R. at 828. This is further supported by the ALJ's discussion of the medical source opinions wherein he talks about, among other things, the lack of support for the opinions, the lack of consistency between the opinions and the medical evidence, and the specialization of the providers. R. at 828-30. Although, as discussed above, there were errors committed with regard to the consideration of opinion evidence, the ALJ considered the relevant factors and regulations when considering the medical source opinions.

---

[3] Because this matter is being remanded, in part, because of the ALJ's failure to support the RFC with medical evidence, the ALJ must set forth what medical evidence supports the limitations in the RFC pertaining to Plaintiff's mental impairments.

Plaintiff argues that the ALJ failed to find she has no near acuity, and failed to include such a limitation in the RFC. The Court discerns no error in the ALJ's failure to include this alleged limitation in the RFC. The ALJ questioned Plaintiff about her vision during the hearing. R. at 872-74. Even though she has been prescribed bifocals, Plaintiff testified that she had no difficulty seeing the ALJ during the hearing, and she wears her glasses to read. Further, the substantial evidence on the record as a whole does not support a finding that Plaintiff had no near acuity. (R. at 820, 824-25, 1199-1203, 1209-11.) Therefore, the ALJ did not err in failing to make such a finding.

Plaintiff also contends the ALJ erred by finding Plaintiff could perform "light work" without discussing each component of exertional activity on a function-by-function basis. This level of detail is not required in the written opinion. *See Depover v. Barnhart*, 349 F.3d 563, 567-68 (8th Cir. 2003). Nevertheless, the ALJ's RFC spelled out Plaintiff's limitations with regard to standing, walking, and sitting, and therefore, did discuss exertional limitations. R. at 822. Further, the Record reflects that the ALJ considered all of the evidence bearing on the issue as well as all the components of activity that are relevant to determining Plaintiff's exertional level. R. at 822-30.

## IV.  CONCLUSION

For the reasons set forth above, the Court reverses in part and affirms in part the Commissioner's decision.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 13, 2015                              UNITED STATES DISTRICT COURT